UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| PATRICIA MORGAN, <br><br>  Plaintiff, <br><br> v. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, STATE FARM MUT. AUTO. INS. CO., and THE UNITED STATES OF AMERICA, <br><br>  Defendants. | Case No. 1:18-cv-03379 <br><br> Judge Virginia M. Kendall |

DEFENDANT STATE FARM'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

After Amtrak and State Farm filed a Motion for More Definite Statement as to Plaintiff's initial pleading, the Court ordered Plaintiff to file an amended pleading. (Doc. No. 61.) Plaintiff did so, but the First Amended Complaint ("the Complaint," Doc. No. 65) is more problematic than its predecessor. Pursuant to Federal Rule 12(b)(6), it should be dismissed for three reasons. First, State Farm is not named as a Defendant in either of the Complaint's two counts, leaving State Farm and the Court to guess as to what cause(s) of action Plaintiff may have intended to plead against State Farm. Second, to the extent Plaintiff intended to sue State Farm directly for her alleged personal injuries, she is foreclosed as a matter of law from doing so. Third, although Plaintiff does not expressly plead a conspiracy to violate civil rights claim, any allegations that might be read to attempt to state such a claim should be dismissed with prejudice.

## Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff was required, but has failed, to "state a claim to relief that is plausible on its face" against State Farm. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible where a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put another way, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "'fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As set forth below, the Complaint fails to satisfy these standards.

## Argument

I. State Farm is Not Named as a Defendant in Either Count.

As an initial matter, the Court should dismiss State Farm because it is not named as a Defendant in either of the Complaint's two counts. Whereas Count I purports to allege a negligence claim against Defendant Amtrak, and Count II directs the same claim against the Estate of John Nath, State Farm is not mentioned in either count. Moreover, the Complaint is barren of any allegations that State Farm owed or breached any duty of care to Plaintiff, as would be required to state a negligence claim under Illinois law. *See McLean v. Rockford Country Club*, 352 Ill.

App. 3d 229, 233 (2d Dist. 2004) ("plaintiffs must specifically allege the elements of duty, breach of duty, and injury caused by the breach" (internal citations omitted); *DiBenedetto v. Flora Twp.*, 153 Ill. 2d 66, 70 (1992).

As such, neither count contains "a short and plain statement of the claim showing that the pleader is entitled to relief" against State Farm. Fed. R. Civ. P. 8(a)(2). For this reason alone, State Farm should be dismissed. *See Whitfield v. Lawrence Corr. Ctr.*, No. CIV. 06-968-GPM, 2008 WL 563441, at *3 (S.D. Ill. Feb. 27, 2008) (finding that count must be dismissed where plaintiff failed to identify the defendants who purportedly violated plaintiff's rights.)

As a result, State Farm can only guess as to what cause of action Plaintiff may have intended to bring. Plaintiff has therefore failed to meet the central requirement of federal pleading practice: a "complaint must fairly notify defendants of the claim and its basis." *Christopher Glass & Aluminum, Inc. v. O'Keefe*, No. 1:16-CV-11532, 2017 WL 2834536, at *2 (N.D. Ill. June 30, 2017); *see also Cox v. Calumet Pub. Sch. Dist. 132*, 180 F. Supp. 3d 556, 560 (N.D. Ill. 2016). It is not State Farm's responsibility — or that of the Court — to speculate as to what cause of action, if any, Plaintiff may have intended to plead. *Cox v. Zalas*, No. 14-CV-10456, 2018 WL 439119, at *4 (N.D. Ill. Jan. 16, 2018) (granting motion to dismiss: "the Court is not required to guess or speculate regarding the nature of his claims."); *Jones v. U.S. Bank Nat. Ass'n*, No. 10 C 0008, 2011 WL 882758, at *8 (N.D. Ill. Mar. 11, 2011) (granting motion to dismiss: "Defendants cannot be expected to simply guess what

[wrongful] actions they may have taken.") As such, State Farm respectfully prays that the Court dismiss it from this case.

## II. Plaintiff Cannot Sue State Farm Directly for Any Personal Injuries.

If Plaintiff's intent was to sue State Farm directly for any personal injuries she sustained in the train crash, she is foreclosed as a matter of law from doing so. Plaintiff's allegations are not clear on this point; on the one hand, she contends that "the Defendants were the legal cause of Ms. Morgan's injuries" (Compl. ¶ 38), suggesting that all Defendants are to blame. On the other, she claims only that "Amtrak and John Nath are solidarity [sic] liable for the Plaintiff Patricia Morgan's injuries," excluding any mention of State Farm. (*Id.* ¶ 41.)

Regardless, "the public policy of this State prohibits an injured party from recovering personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured." *Richardson v. Econ. Fire & Cas. Co.*, 109 Ill. 2d 41, 47 (1985); *Camy v. Triple-S Propiedad, Inc.*, No. 15 C 2509, 2015 WL 3856097, at *3 (N.D. Ill. June 19, 2015) ("direct actions against insurers are prohibited under Illinois law"); *Tadlock v. Century Sur. Co.*, No. 12-CV-935-JPG, 2012 WL 5383282, at *2 (S.D. Ill. Nov. 2, 2012) ("[i]n Illinois, direct actions against insurers are prohibited by public policy.") Thus, to the extent Plaintiff is attempting to seek personal injury damages from State Farm, unless and until she secures a judgment against Mr. Nath, she cannot plausibly plead such a claim.[1]

---

[1] In "Count [sic] Prayer for Relief" on page 9, Plaintiff seeks to find "all Defendants in violation of all claims asserted in this complaint" and "liable to Ms. Morgan for the injuries

4

### III. The Complaint Fails to State a Claim for Conspiracy to Deprive Plaintiff of her Civil Rights.

The Complaint refers to a purported conspiracy between State Farm and Amtrak, and it may be that Plaintiff is trying to allege a conspiracy to violate Plaintiff's civil rights. To be clear, whether Plaintiff intended to do so remains guesswork on State Farm's part, as neither Count I nor Count II purports to allege a conspiracy claim. Still, the Complaint lists "42 U.S.C. § 1983 (Conspiracy to deprive plaintiff of fundamental rights)" as a jurisdictional basis for bringing suit. (Compl., Jurisdiction and Venue, ¶ 2.) To the extent that Plaintiff intended to bring a conspiracy claim under Section 1983, it should be dismissed with prejudice because Plaintiff has failed to allege (and cannot allege) that any Defendant actually violated her civil rights.

Rather than alleging her constitutional rights were actually violated, the Complaint alleges that State Farm and Amtrak "conspired to intentionally prevent Ms. Morgan from pursuing her claim against Amtrak and State Farm for the injuries and damages sustained in August 31, 2016." (Compl. ¶ 35.) She says that "Ms. Morgan submitted a claim to Amtrak and was advised of a claim filed with state farm [sic]" (*id.* ¶ 32), but that "State Farm refused to add Patricia Morgan to the claim because Amtrak refused to provide State Farm with an itinerary confirming Ms. Morgan as a passenger of the train." (*Id.* ¶ 33.) Plaintiff also complains that "State

---

and damages sustained in the train crash." But as noted above, she has failed to assert <u>any</u> cause of action against State Farm and is foreclosed as a matter of law from suing State Farm directly for personal injuries, so there is no basis for finding State Farm liable for "all claims asserted" in the Complaint.

5

Farm advised counsel for the plaintiff that they would not add Ms. Morgan unless she (Ms. Morgan) agreed to waive any and all claims against Amtrak." (*Id.* ¶ 34.)

But "Section 1983 does not reach a conspiracy to deny a civil right in the absence of an actual denial of such a right." *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) (affirming motion to dismiss) (citing *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982)). And here, Plaintiff has failed to plead that State Farm or Amtrak actually violated her constitutional rights. Any Section 1983 conspiracy claim should therefore be dismissed. *Ballard v. Watson, No. 16 C 977, 2016 WL 3364801,* at \*6 (N.D. Ill. June 17, 2016) ("[A] § 1983 conspiracy claim cannot stand without an underlying § 1983 violation."); *Boothe v. Sherman,* 66 F. Supp. 3d 1069, 1077 (N.D. Ill. 2014) ("Defendants cannot be held liable under § 1983 for <u>conspiring</u> to violate K.C.'s due process rights unless they <u>actually</u> violated her due process rights [.]" (emphasis in original)).

Nor could Plaintiff ever plausibly plead a Section 1983 claim. She appears to contend that State Farm and Amtrak tried to stop her from filing an insurance claim with State Farm. (Comp. ¶ 33.) But we are aware of no case holding that citizens have a constitutional right to file an insurance claim with a private company. *Dyson v. City of Calumet City*, 306 F. Supp. 3d 1028, 1035 (N.D. Ill. 2018) ("To state a claim under section 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . .'") To the extent that Plaintiff is attempting to allege that State Farm and Amtrak conspired to convince her to waive her claims against State Farm or Amtrak (Comp. ¶¶ 34-35), their purported attempt

6

was clearly unsuccessful: Plaintiff has sued State Farm and Amtrak in federal court, and she has not alleged that she did waive any such rights. And "[t]he law is clear that Section 1983 does not punish conspiracy. . . . It is not enough for a plaintiff merely to prove a conspiracy without proving the deprivation as well." *Rojicek v. Cmty. Consol. Sch. Dist. 15*, 888 F. Supp. 878, 886-87 (N.D. Ill. 1995), *on reconsideration in part* (July 10, 1995).

Finally, Plaintiff's own allegations contradict the existence of the meeting of the minds necessary for a conspiracy claim. Far from alleging concerted action, she expressly alleges that State Farm did not add her to the insurance claim because "Amtrak refused to provide State Farm with an itinerary" showing that she was a passenger on the ill-fated train. (Compl. ¶ 33, emphasis added.) *See McMillian v. Litscher,* 72 F. App'x 438, 441 (7th Cir.2003) (dismissing claim where allegations contradicted existence of conspiracy: "the problem is not that Mr. McMillian pleaded conspiracy in general terms, it is that he accused Thompson and Sullivan of conduct that is not conspiratorial."); *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) ("a conspiracy requires factual allegations showing a meeting of minds.")

For all of these reasons, Plaintiff has not and could never plausibly plead any conspiracy claim under 42 U.S.C. § 1983. Her allegations in Paragraphs 32-37 of the Complaint should be dismissed with prejudice.

WHEREFORE, State Farm respectfully prays that Plaintiff's First Amended Complaint be dismissed, and that Paragraphs 32-37 be dismissed with prejudice.

Dated: August 8, 2018               Respectfully submitted,

**State Farm Mutual Automobile Insurance Company**

By: /s/Jonathan B. Cifonelli
    One of Its Attorneys

Jonathan B. Cifonelli (ARDC No. 6285930)
Zeke Katz (ARDC No. 6317470)
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Tel: (312) 768-7826
Email: jcifonelli@pjjlaw.com
       zkatz@pjjlaw.com

**CERTIFICATE OF SERVICE**

      I, Jonathan B. Cifonelli, an attorney, certify that I caused a copy of the foregoing ***Defendant State Farm's Motion to Dismiss Plaintiff's First Amended Complaint at Law*** to be served upon the below-listed individual(s), by depositing the same in the U.S. Mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, FedEx overnight delivery, facsimile transmitted from (312) 768-7801, electronic mail, or Case Management/Electronic Case Filing System ("CM/ECF"), as indicated below, on August 8, 2018.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorney for Plaintiff* |
| ☐ | Facsimile/___ Pages | Kendall Lawrence Anderson, Sr. |
| ☐ | Federal Express | Anderson Law Office |
| ☐ | U.S. Mail | 18505 Bellamy Rd |
| ☐ | Messenger | Country Club Hills, IL 60478 |
| ☐ | Electronic Mail | 708-794-6499 |
| | | Kanderson@andersonlaw.us |
| ☒ | CM/ECF | Susan Kay Laing |
| ☐ | Facsimile/___ Pages | Anderson, Rasor & Partners, LLP |
| ☐ | Federal Express | 100 S. Wacker Drive, Suite 1000 |
| ☐ | U.S. Mail | Chicago, IL 60606 |
| ☐ | Messenger | 312-673-7800 |
| ☐ | Electronic Mail | Email: susan.laing@arandpartners.com |

      By:    /s/ Jonathan B. Cifonelli
                   Jonathan B. Cifonelli

9