IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA MORGAN, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 18 C 3379 |
| V. | ) | |
| | ) | Hon. Virginia M. Kendall |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE COMPANY, | ) | |
| and THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Morgan brings this action against National Railroad Passenger Corporation ("Amtrak"), State Farm Mutual Automobile Insurance Company, the United States of America and the Estate of John Nath alleging state-law claims of negligence for injuries she suffered in a train collision in Illinois. (Dkt. 65). The case was transferred to this district from the Eastern District of Louisiana in May 2018 and assigned to this Court. (Dkt. 43). Defendants Amtrak and State Farm each filed a Motion for a More Definite Statement seeking an order requiring Plaintiff to amend her pleading to provide each defendant notice of the claims being asserted against it and the basis for those claims. (Dkts. 57, 59). The Court granted the Motions (Dkt. 61) and Plaintiff filed her First Amended Complaint on July 18, 2018. (Dkt. 65). State Farm then filed a Motion to Dismiss the First Amended Complaint ("the Complaint") in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 69) and Amtrak filed Motion to Join State Farm's Motion to Dismiss as to the potential civil rights conspiracy claim. (Dkt. 72). For the reasons below, the Motions are granted.

## BACKGROUND

The following facts are based on the allegations in Morgan's Complaint and taken as true for the purpose of reviewing the Motions to Dismiss. *Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017).

On August 31, 2016, Morgan was traveling on Amtrak train number 59 from Chicago, Illinois to Macomb, Mississippi when at approximately 10:45 p.m. the train collided with a car driven by Defendant John Nath at an intersection just north of Onarga, Illinois. (Dkt. 65 at ¶ 11). Plaintiff alleges that both Amtrak and Nath caused the collision—Amtrak because, among other things, its employee-conductor was driving at an excessive speed and with inadequate equipment and Mr. Nath because he failed to yield to the oncoming train. (*Id.* at ¶¶ 12–25). Nath, 72 years old at the time, died in the collision. (*Id.* at ¶ 3). He was insured by State Farm. (*Id.* at ¶¶ 11, 25).

Following the collision, Amtrak falsely reported to police that no passengers were injured in the collision. (*Id.* at ¶ 27). Amtrak prohibited passengers from speaking with police or from exiting the train for at least seven hours when the train reached its next stop. (*Id.* at ¶¶ 26–27). In Morgan's case, she was forced to remain on the train until it reached her stop in Mississippi 20 hours after the collision. (*Id. at ¶* 26). While waiting on the train, Morgan and other passengers endured deplorable conditions including inoperable bathroom facilities and toxic odors from human waste. (*Id.* at ¶ 28). Morgan sustained serious physical and mental injuries in the collision and from witnessing the Nath's death but was never offered medical attention while on the train. (*Id.* at ¶¶ 28–29). Immediately after de-boarding, she sought medical treatment and was

recommended for neck and back surgery. (*Id.* at ¶ 31). Morgan continues to suffer from severe and debilitating physical and emotional injuries caused by the collision. (*Id.* at ¶ 40).

Morgan submitted a claim to Amtrak and was advised that a claim that had been filed with State Farm. (*Id.* at ¶ 32). State Farm refused to add Morgan to this claim because Amtrak refused to provide State Farm with an itinerary confirming Morgan was a passenger on the train. (*Id.* at ¶ 33). State Farm also advised Morgan's counsel that they would not add her to the claim unless she agreed to waive any and all claims she had against Amtrak. (*Id.* at ¶ 34). Morgan alleges that State Farm and Amtrak conspired to prevent her from pursuing her claim against either entity for the damages she suffered in the collision and to induce her to waive her rights against Amtrak. (*Id.* at ¶¶ 35–36).

## **LEGAL STANDARD**

To survive a motion to dismiss, the Complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1098 (7th Cir. 2015) (citing Fed. R. Civ. P. 8(a)(2)). "While specific facts are not necessary," *id.* at 1098 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), the Complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 1099 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations in the Complaint must also "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The allegations must "raise a right to relief above the speculative level,'" *Olson*, 784 F.3d at 1099 (citing *Twombly*, 550 U.S. at 555), and "must be

more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Id.* (citing *Iqbal*, 566 U.S. at 678). While the Court "accept[s] as true all of the well-pleaded facts . . . and draw[s] all reasonable inferences in favor of the plaintiff," *Forgue*, 873 F.3d at 966, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Olson*, 784 F.3d at 1099.

## DISCUSSION

State Farm seeks to dismiss the Complaint on the following grounds: that the Complaint again fails to provide notice to State Farm as to the claims against it, that to the extent Morgan intends to sue State Farm directly she is foreclosed from doing so, and that to the extent Morgan intends to plead a civil rights conspiracy claim it must be dismissed with prejudice. (Dkt. 69). Amtrak moved to join State Farm's Motion as to the potential civil rights conspiracy claim. (Dkt. 72).

At the outset, the Complaint asserts that it states claims under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100, *et seq.*; the Federal Tort Claims Act, 28 U.S.C. § 1346; and 42 U.S.C. § 1983 for "conspiracy to deprive plaintiff of fundamental rights." (Dkt. 65 at ¶ 2). The Complaint then alleges only two counts: "Count I – Patricia Morgan vs. Amtrak" for negligence and "Count II – Patricia Morgan v. The Estate of John Nath" also for negligence. *Id.* at 7–8. State Farm argues the Court should dismiss it from the case because is not named as a Defendant in either of the two counts alleged in the Complaint.

Federal Rule of Civil Procedure 10(b) requires that each claim be stated in a separate count. Fed. R. Civ. P. 10(b); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004) (Rule 10(b) "requires allegations to be separated into numbered paragraphs, and distinct claims to be separated into counts."). "The primary purpose of [Rule 10(b)] is to give defendants fair notice

4

of the claims against them and the grounds supporting the claims" and a complaint is subject to dismissal if, for failure to comply with Rule 8 or 10(b), it is unintelligible. *Davis v. Anderson*, 718 F. App'x 420, 423 (7th Cir. 2017) (quotation omitted).

Here, although the Complaint fails to plead any distinct claim in a formal count against State Farm, the pleading is not unintelligible. While no formal § 1983 claim has been pled, the citation to "42 U.S.C. §1983 (Conspiracy to deprive plaintiff of Fundamental Rights)" (Dkt. 65 at ¶ 2) and the allegations that Amtrak and State Farm "conspired to intentionally prevent Ms. Morgan from pursuing her claim" (*id.* at ¶ 35) and "conspire[d] to induce Ms. Morgan to waive her rights against Amtrak" (*id.* at ¶ 36) taken together provide sufficient notice to Defendants that Morgan intends to assert a § 1983 claims against them for conspiracy to deprive her of a constitutional right. Whether she successfully alleged such claim is addressed further below.

However, the Court can find no other claim asserted against State Farm individually. Counts I and II assert negligence claims against only Amtrak and Nath. The allegations in the Complaint are inconsistent and only confuse rather than clarify whether Plaintiff intends to also assert a claim seeking to hold State Farm directly liable for the injuries she suffered in the collision. For example, the Complaint asserts on one hand that "Amtrak and John Nath are solidarity [sic] liable for the Plaintiff Patricia Morgan's injuries" (*id.* at ¶ 41) and on the other that she "is entitled to relief from *all Defendants*" (*id.* at ¶ 38 (emphasis added)) and "prays that *all defendants* are found liable to Ms. Morgan for the injuries and damages sustained in the train crash." (*Id.* at 9 (emphasis added)). Moreover, if Morgan intends to hold State Farm directly liable for her injuries, she fails to state on what theory, for example, under a claim for negligence or on some statutory grounds. Therefore, Morgan fails to provide sufficient notice of any claim to recover directly for her injuries against State Farm. *See Davis*, 718 Fed. App'x at 424 (Rule 8 "requires parties to

make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.") (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)); *see also, e.g., Cox v. Zalas*, No. 14-CV-10456, 2018 WL 439119, at *4 (N.D. Ill. Jan. 16, 2018) ("If a plaintiff intends to assert a claim, "he must clearly plead it—the Court is not required to guess or speculate regarding the nature of his claims."). In any event, such claim would fail because Illinois law prohibits third parties from filing direct actions against insurers for personal injury damages allegedly caused by an insured unless and until the third party secures a judgment against the insured, which Morgan has not done. *See Richardson v. Econ. Fire & Cas. Co.*, 485 N.E.2d 327, 329 (Ill. 1985) ("[T]he public policy of [Illinois] prohibits an injured party from recovering personal injury damages against an insurance carrier on account of the negligence of its insured prior to obtaining a judgment against the insured."); *see also, e.g., Khan v. Solano*, 2013 IL App (1st) 123453-U, ¶ 34 (dismissing direct action seeking to recover personal injury damages against insurer because plaintiff had not obtained a judgment against the insured); *Matter of Shondel*, 950 F.2d 1301, 1308 (7th Cir. 1991) (recognizing that "Illinois law prohibits direct actions against insurers" such that a plaintiff "must obtain a judgment against [the insured] as a prerequisite to recovering from [the] insurer") (citing *Richardson*, 485 N.E.2d at 331); *TIG Ins. Co. v. Chicago Ins. Co.*, No. 00 C 2737, 2001 WL 99832, at *6 (N.D. Ill. Feb. 1, 2001) (also citing *Richardson* and recognizing that direct actions against an insurer to recover losses caused by an insured is against Illinois public policy).

In her Response to Defendants' Motions to Dismiss, Morgan insists that the Complaint asserts two claims against State Farm: (1) an independent claim against State Farm for vexatious and unreasonable delay in settling her claim in violation of § 155 of the Illinois Insurance Code,

215 ILCS 5/155, and (2) a claim for conspiracy to deprive Morgan of her "constitutional right to pursue her claim and seek redress for her injuries by a government agency." (*Id.* at 7–8).

With regard to the first, the Complaint is devoid of any allegation of "vexatious or unreasonable" delay by State Farm and of any citation to § 155 of the Illinois Insurance Code. Morgan argues the allegations in paragraphs 2 and 37 put Defendants on notice of this claim. But Paragraph 37 states only a general, conclusory allegation that Defendants collectively acted in "bad faith" and hardly provides notice of any individual claim, let alone a claim for insurer misconduct, against State Farm exclusively. (*Id.* at ¶ 37 ("The Defendants knowingly, deliberately and intentionally acted in bad faith and disregarded notification of Ms. Morgan's injuries.")). Moreover, Paragraph 2 which specifically lists the statutory grounds for Morgan's claims makes no mention whatsoever of the Illinois Insurance Code and cites only to the Illinois Joint Tortfeasor Contribution Act, the Federal Tort Claim Act, and 42 U.S.C. § 1983. (Dkt. 65 at ¶ 65). Therefore, the Complaint fails to provide requisite notice of any § 155 claim and Morgan cannot amend her Complaint to add a new claim by asserting it for the first time in her Response. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (applying "the axiomatic rule that a plaintiff may not amend [her] complaint in [her] response brief"). Finally, any such amendment would be futile because § 155 provides relief only to an insured or its assignees; it does not extend to third parties like Morgan. *See Statewide Ins. Co. v. Houston Gen. Ins. Co.*, 920 N.E.2d 611, 625 (2009) ("As a general rule, the remedy embodied in section 155 of the Insurance Code extends only to the party insured and policy assignees; it does not extend to third parties.") (quotation omitted); *see also, e.g., Roppo v. Travelers Companies*, 100 F. Supp. 3d 636, 652 (N.D. Ill. 2015), *aff'd sub nom. Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568 (7th Cir. 2017) (same); *Sieron v. Hanover Fire & Cas. Ins. Co.*, 485 F.

7

Supp. 2d 954, 960 (S.D. Ill. 2007) (dismissing § 155 claims brought by third party against insurer) (citing *Yassin v. Certified Grocers of Ill., Inc.*, 551 N.E.2d 1319, 1322 (1990)). Morgan has failed to successfully allege any individual claim for liability against State Farm.

With regard to the second, as already addressed, the Court finds the Complaint provides Defendants sufficient notice of a § 1983 conspiracy claim against them. To establish a § 1983 claim, a plaintiff must allege "(1) that [s]he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon [her] by a person or persons acting under color of state law." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007) (quotation omitted). "To establish § 1983 liability through a conspiracy theory," as Morgan has here, "a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights; and (2) those individual(s) were willful participant[s] in joint activity with the State or its agents." *Id.* (quotation omitted).

Morgan alleges in the Complaint that State Farm and Amtrak "conspired to prevent her from pursuing her claim against Amtrak and State Farm for the injuries sustained" in the collision and "to induce [her] to waive her rights against Amtrak." (Dkt. 65 at ¶¶ 35–36). In her Response to Defendants' Motions to Dismiss, Morgan again asserts that she "was deprived of her constitutional right to pursue her claim and seek redress for her injuries by a government agency." (Dkt. 76 at 8). The Court must dismiss this claim because Morgan fails to allege an actual denial of any constitutional right. *Archer v. Chisholm*, 870 F.3d 603, 620 (7th Cir. 2017) ("Section 1983 does not reach a conspiracy to deny a civil right in the absence of an actual denial of such a right."). Morgan's claim assumes the Constitution secures a right to pursue a claim for personal injury liability against a federally-funded entity and/or a private insurer but she provides no case law or other legal support for this position and the Court knows of none. Regardless, Morgan has not

been deprived of her ability to bring these claims. She has asserted her claim against Amtrak in the present Complaint before this Court and, as explained above, has no legal basis for seeking liability for her injuries against State Farm at this point. Additionally, Morgan fails to allege any unconstitutional action by an individual acting under the color of state law. Defendants concede that Amtrak may be considered a federal actor for certain purposes, *see, e.g.*, Dkt. 77 at 3, but § 1983 liability applies only to persons acting under color of *state,* not federal, law. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir.2012) ("Section 1983 creates a federal remedy against anyone who, under color of *state* law" deprives a citizen of a constitutional right.) (emphasis added). An analogous action against a federal actor would more appropriately be brought perhaps as a *Bivens* action, if at all, but even there Morgan would still need to establish a violation of her constitutional rights which she has failed to do. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (recognizing an implied right of action for damages against federal officers for violations of a citizen's constitutional rights). Because Morgan cannot allege a constitutional deprivation for purposes of a § 1983 claim against either State Farm or Amtrak, the Court dismisses the § 1983 conspiracy claim with prejudice.

## **CONCLUSION**

For the reasons stated above, State Farm's Motion to Dismiss (Dkt. 69) and Amtrak's Motion to Join State Farm's Motion to Dismiss (Dkt. 72) are granted. Morgan's claim pursuant to 42 U.S.C. § 1983 against State Farm and Amtrak for conspiracy to deprive her of a constitutional right is dismissed with prejudice. State Farm is dismissed from this case with prejudice because

no other claims are asserted against it and Illinois law prohibits Morgan from filing any direct action against State Farm to recover for the alleged injuries she sustained in the collision.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: February 1, 2019